IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEISHA M. HALL,<br>911 3rd Place SE,<br>Washington, DC 20003,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INTEGRATEED HEALTH ASSOCIATES,<br>5225 Wisconsin Ave NW, Suite 401,<br>Washington, DC 20015<br><br>Defendant. | Case No.: |

COMPLAINT
(Jury Trial Demanded)

COMES NOW, Plaintiff Keisha M. Hall (hereinafter "Plaintiff"), by and through undersigned counsel, and files this her *Complaint* for damages against Defendant National Integrated Health Associates (hereinafter "NIHA") and for cause would show unto the Court the following:

**PARTIES**

1. Plaintiff is an adult resident of the District of Columbia and at all relevant times an employee of NIHA until she was wrongfully terminated.
2. NIHA is company created and licensed to do business within the District of Columbia.

**JURSIDCITION AND VENUE**

3. This is a suit to obtain relief for discrimination based on Plaintiff's disability in violation of the Americans with Disabilities Act.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. § 2202.

5. Venue is proper in that the alleged acts occurred in the District of Columbia pursuant to 28 U.S.C. § 1391(b).

## ADMINISTRATIVE REMEDIES

6. On December 27, 2021, Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant.

7. The EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") on March 30, 2023.

8. Plaintiff received the Right to Sue Letter on April 3, 2023.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed with NIHA beginning in 2008.

11. On May 21, 2020, a patient made a racist remark toward Plaintiff that she could come work on their farm to pick cotton.

12. Plaintiff reported the incident to her supervisor; However, her supervisor got an attitude with her.

13. Plaintiff contacted Dr. Mark McClure and requested that he take some form of disciplinary action towards the patient for the racist comment.

14. However, no action was taken.

15. Plaintiff was forced to endure ongoing trauma from having to work with the patient because Defendant would not terminate the patient.

16. Plaintiff began suffering from panic attacks because of the racist comments by the patient.

17. Plaintiff has been diagnosed with depression and insomnia that required prescription medication to treat.

18. Plaintiff filed an EEOC complaint regarding this incident on October 30, 2020, alleged discriminatory practices and retaliation by NIHA.

19. Shortly after the filing of her EEOC complaint, Plaintiff began to be subjected to a hostile work environment.

20. NIHA employees began to continually harass her and on the anniversary of her employment, Plaintiff was not given the gift card that NIHA provides to employees of the same position and status on their work anniversary.

21. This gift cards are provided to employees by NIHA as their anniversary incentive.

22. In April 2021, a NIHA employee disclosed Plaintiff's private medical information to other employees without her consent.

23. In September 2021, Plaintiff received surgery that left her temporarily disabled.

24. Plaintiff utilized medical leave without pay to care for her disability and returned on October 6, 2021.

25. Plaintiff was terminated on December 13, 2021, and alleges that her termination was in relation to her surgery that resulted in being temporarily disabled.

**COUNT I: RETALIATION**

26. Plaintiff adopts the above facts in support of this Count.

27. Plaintiff filed an EEOC complaint alleging race discrimination and retaliation.

28. Shortly after the filing of the EEOC complaint, NIHA began subjected Plaintiff to a hostile work environment.

29. Plaintiff was continuously harassed by NIHA employees and was denied her anniversary incentive.
30. These actions occurred within months of Plaintiff filing her EEOC complaint.
31. NIHA actions were in retaliation of Plaintiff filing her EEOC complaint.
32. Filing an EEOC complaint is considered a protected activity.
33. Such unlawful employment practice proximately caused Plaintiff to suffer economic damages.
34. Defendant is liable for its retaliatory conduct to which it subjected Plaintiff.

**COUNT II; DISABILITY DISCRIMINATION**

35. Plaintiff adopts the above facts in support of this Count.
36. Plaintiff brings this claim under the ADA.
37. In September 2021, Plaintiff went on out medical leave without pay because of a surgery that left her temporarily disabled.
38. Shortly, after her return from leave, NIHA terminated Plaintiff from her position.
39. Plaintiff's termination was related to her needing to utilize leave to recover from her surgery as she was temporarily disabled.
40. or notify Plaintiff whether her requests caused under hardship.
41. Such unlawful employment practice proximately caused Plaintiff to suffer economic damages.
42. Defendant is liable for its discriminatory conduct to which it subjected Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against Defendant pursuant to an Order awarding:

a. Compensatory damages to be determined by the trier of fact.

b. Nominal damages to be determined by the trier of fact.

c. Punitive damages to be determined by the trier of fact.

d. Declaratory and injunctive relief.

e. That relief, which is fair, just, and equitable under the circumstances of this case.

JURY TRIAL DEMANDED

Respectfully submitted,

/s/ Charles Tucker, Jr.
Charles Tucker, Jr.
Bar:993515
The Cochran Firm
8181 Professional Place, Suite 207
Hyattsville, MD 20785
Phone: 301-577-1175
Email: Charles@tuckerlawgroupllp.com
ATTORNEY FOR PLAINTIFF